UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD OTTO VON LOCHAUSEN, IV,
Inmate No. 2100230161,
  Plaintiff,

vs.            Case No.: 3:21cv4194/LAC/EMT

FLORIDA SUPREME COURT,
  Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

  Plaintiff, an inmate proceeding pro se, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a motion to proceed in forma pauperis (IFP) (ECF No. 2). Plaintiff subsequently filed an amended complaint (ECF No. 4) and a second motion to proceed IFP (ECF No. 5). Upon review of Plaintiff's second motion to proceed IFP, it appears Plaintiff qualifies to proceed IFP in this case. Plaintiff's motion thus will be granted for the limited purpose of dismissing this action.

  With regard to Plaintiff's amended complaint, the court is statutorily required to review the amended complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915(e)(2)(B) (addressing IPF proceedings). Upon review of Plaintiff's amended complaint, it is apparent Plaintiff has failed to state a viable claim under § 1983. It likewise is plain Plaintiff cannot cure the deficiency by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (internal marks omitted). The undersigned thus recommends this action be dismissed with prejudice.

I.   BACKGROUND

Plaintiff names only one Defendant in this action—the Florida Supreme Court. Plaintiff complains the court "suspend[ed] the 6th or 14th Amendment as an administrative order for the Covid 19 crisis/pandemic," resulting in delays in criminal cases and overcrowding in jails—which, in turn, resulted in extended periods of incarceration and spread of the virus (ECF No. 4 at 5–6). As relief, Plaintiff seeks $2,000,000.00 "for [the] length of [his] stay in [the] Escambia County Jail, thus risking Covid 19 contraction with other inmates and causing [him] to lose [his] way of life at work and home" (*id.* at 7).

II.     DISCUSSION

    A.     Standard of Review

As noted above, because Plaintiff is proceeding IFP, the court is required to dismiss the case if satisfied the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The court must read Plaintiff's pro se allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519 (1972).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint also

is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

In addition, "a district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assoc's v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims sua sponte). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (noting "a case is frivolous for [purposes of] section 1915(d) [now 28 U.S.C. § 1915(e)(2)(B)(i)] when it appears the plaintiff has little or no chance of success") (internal marks omitted).

B.   Plaintiff's Amended Complaint

A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: (1) the conduct complained of was committed by a person acting

under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). As set forth above, Plaintiff names a single Defendant in his amended complaint—the Florida Supreme Court. The Florida Supreme Court is not a "person" subject to suit under § 1983. *See, e.g., Pearson v. Super. Ct. of Fulton Cnty.*, No. 1:16cv2109-TWT-JCF, 2016 WL 4500529, at *1 (N.D. Ga. Aug. 8, 2016), *report and recommendation adopted sub nom., Pearson v. Superior Ct. of Fulton Cty., State of Ga.*, No. 1:16cv2109-TWT, 2016 WL 4494366 (N.D. Ga. Aug. 25, 2016) (finding that to the extent Plaintiff sought to sue the Superior Court of Fulton County, Georgia, he was not allowed to do so because the court is not a "person" for purposes of § 1983).

Moreover, as the Eleventh Circuit has recognized, "[t]he Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state." *Kaimowitz v. The Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) (internal marks omitted). "The amendment applies even when a state is not named as a party of record, if for all practical purposes the action is against the state. Thus, the Eleventh Amendment extends to

state agencies and other arms of the state." *Id.* (internal marks omitted). "The Eleventh Amendment," therefore, "prohibits actions against state courts and state bars." *Id.*; *see also Uberoi v. Sup. Ct. of Fla.*, 819 F.3d 1311, 1313–14 (11th Cir. 2016) ("Sovereign immunity bars [plaintiff's] due process claim because the Florida Supreme Court is a department of the State of Florida."). Plaintiff's claim thus fails as a matter of law, and this action is due to be dismissed.

III. CONCLUSION

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In this instance, Plaintiff has wholly failed to allege facts giving rise to a viable § 1983 claim and cannot cure the deficiency by filing a second amended complaint. The undersigned thus finds this action should be dismissed with prejudice. *See, e.g., Davis*, 261 F. App'x at 234 ("We have recognized that district courts have the inherent power to sua sponte dismiss frivolous lawsuits without giving notice to the parties.").

Accordingly, it is **ORDERED**:

1. Plaintiff's second motion to proceed in forma pauperis (ECF No. 5) is **GRANTED** for the limited purpose of dismissing this action.

2. Plaintiff's initial motion to proceed in forma pauperis (ECF No. 2) is **DENIED** as moot.

And it is respectfully **RECOMMENDED**:

1. That the court **DISMISS** this action **with prejudice.**

2. That the clerk be directed to close the file.

At Pensacola, Florida this 3rd day of January 2022.

>  */s/ Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.